NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0038n.06
Filed: January 12, 2006

Nos. 04-2536/05-1089

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH CHEVROLET, INC., a Michigan corporation, | ) ) ) | |
| Petitioner/Cross-Respondent, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD |
| NATIONAL LABOR RELATIONS BOARD, | ) ) | |
| Respondent/Cross-Petitioner. | ) | |

Before: NELSON, DAUGHTREY, and SUTTON, Circuit Judges.

PER CURIAM. Joseph Chevrolet, Inc., an automobile dealership in Millington, Michigan, petitions for review of a decision of the National Labor Relations Board (NLRB). The Board concluded in its ruling that Joseph Chevrolet had committed various unfair labor practices by singling out certain employees for discipline or harassment solely because of the workers' union sympathies. The NLRB also petitions the court for enforcement of the Board's order. In light of the evidence presented before the administrative law judge in this matter, and in light of the deferential nature of this court's review of the administrative decision, we deny Joseph Chevrolet's petition for review and grant the Board's petition for enforcement.

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2001, the NLRB certified Local 324 of the International Union of Operating Engineers as the collective bargaining representative for approximately 14 automotive technicians working at the Joseph Chevrolet dealership, and the union and the employer signed a collective bargaining agreement intended to govern employer-employee relations at the dealership from May 23, 2001, until May 23, 2002.  Prior to the expiration of the collective bargaining agreement's one-year term, the union sought to reopen negotiations on the contract, and one of the union members, Gary St. Charles, petitioned the Board to decertify the union altogether.  Even though bargaining sessions began on April 15, 2002, with an eye toward reaching a new agreement, a decertification election was held on April 30 of that year.  The election produced a significant number of challenged ballots, and it was not until August 9, 2002, that all challenges to the balloting were resolved and a tally of the valid votes resulted in the decertification of the union as the exclusive bargaining agent of the affected employees.

Unfortunately, between the time bargaining for a new contract began on April 15 and the August 9 date of the decertification decision, numerous instances of alleged harassment against pro-union employees occurred.  Several of those disputes formed the basis of this appellate proceeding.  One, for example, involved the discharge of a union steward named Tony Amend, who was a master mechanic with approximately 15 years' experience, and who was accused of fraudulently over-billing for a repair to a customer's

vehicle. Amend was initially suspended from work but returned to the dealership to assist in setting up a picket line at the dealership. At that point, he was informed by a member of Joseph Chevrolet's management that he had been permanently discharged from employment with the dealership and that the company would seek to have his technician's license revoked. That same day, two other employees who had been active union supporters, Larry Stevens and Mike Cooper, were laid off from work, purportedly because of an anticipated business slowdown due to the picketing. Both Stevens and Cooper were master technicians, yet they were selected for layoff despite the fact that the company had recently hired four new employees who were still on probation.

Amend, despite his termination, continued to represent the local in its negotiations with the company for a new collective bargaining agreement. At a bargaining session on June 12, after Amend inquired about the possibility of returning to work, Joe Hood, the company owner, pointed his finger at Amend and made a statement variously reported as: "You lost your job right here at this bargaining table," "You fucked up your job because you're sitting at the other side of that table," or "Your job got fucked up at the bargaining table." Al Booth, one of the union negotiators present at the time, was so surprised by the remark that he noted on an envelope that he had with him, "Joe Hood 6-12-02 (Job got fucked up at bargaining table)."

These and other incidents of harassment led the administrative law judge to conclude that Joseph Chevrolet violated the provisions of §§ 8(a)(1) and (3) of the National

Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (3). The Board affirmed the administrative law judge's decision in all respects, with one member dissenting, and the administrative judge's order that the company cease and desist from certain unfair labor practices and take affirmative action to effectuate the policies of the National Labor Relations Act, 29 U.S.C. § 157. The company now petitions for review and the Board petitions for enforcement of its order.

## DISCUSSION

Pursuant to the express language of § 7 of the National Labor Relations Act, employees are guaranteed the right to organize and bargain collectively for their mutual aid or protection. Moreover, § 8 of the Act makes it an unfair labor practice for an employer to interfere with those rights or to discourage membership in any labor organization "by discrimination in regard to hire or tenure of employment or any term or condition of employment." 29 U.S.C. §§ 158(a)(1) and (3). The threshold test for determining whether an employment decision constitutes an unfair labor practice is whether the determination was motivated by anti-union animus. *See NLRB v. Cook Family Foods, Ltd.*, 47 F.3d 809, 816 (6th Cir. 1995). The Board bears the initial burden of showing, by a preponderance of the evidence, that the employer's decision was motivated by the employee's exercise of rights protected by the Act. *See NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 401 (1983); *Cook Family Foods, Ltd.*, 47 F.3d at 816. If such a showing is made, the burden of persuasion shifts to the employer to establish, also by a preponderance of the evidence,

the affirmative defense that the same employment decision would have been made even in the absence of any protected labor activity. *See W.F. Bolin Co. v. NLRB*, 70 F.3d 863, 870 (6th Cir. 1995). *See also Dir., Office of Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 278 (1994).

Board findings with respect to questions of law are then reviewed by this court de novo, while the Board's findings of fact are upheld if supported by substantial evidence on the record. *See* 29 U.S.C. §§ 160(e) and (f). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Opportunity Homes, Inc. v. NLRB*, 101 F.3d 1515, 1518 (6th Cir. 1996) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Deference to the Board's factual findings is particularly appropriate where the 'record is fraught with conflicting testimony and essential credibility determinations have been made.'" *Tony Scott Trucking, Inc. v. NLRB*, 821 F.2d 312, 315 (6th Cir. 1987) (quoting *NLRB v. Nueva Eng'g, Inc.*, 761 F.2d 961, 965 (4th Cir. 1985)).

In attacking the Board's decision in this matter, Joseph Chevrolet insists that the Board failed to establish that any of the company's alleged unfair labor practices were undertaken with anti-union animus. Consequently, the petitioner argues that the agency decision must be reversed. However, our review of decisions of the NLRB is extremely limited. As long as factual determinations of the Board are supported by substantial evidence on the record, and as long as inferences drawn by the Board from those facts are

reasonable, we may not overturn a Board decision, even if we believe that a contrary decision is also supportable. In this case, we conclude that the findings of fact and legal conclusions of the Board are supported by the record and by the applicable law. We therefore DENY Joseph Chevrolet's petition for review and GRANT the Board's application for enforcement of its order.